IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CR-10-310-C |
| | ) | CIV-11-1301-C |
| FREDERICK G. HOFFMAN, III, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  At the direction of the Court, Plaintiff filed a response and this matter is now at issue.  In his motion, Defendant raises three grounds for relief:  (1) ineffective assistance of counsel for not seeking to suppress evidence that was erroneously admitted and used; (2) prosecutorial misconduct for using the evidence; and (3) ineffective assistance which rendered the plea involuntary.

In response, Plaintiff argues that grounds one and two of Defendant's motion are foreclosed by the waiver executed as part of the Plea Agreement.  As for ground three, Plaintiff asserts that it lacks merit under governing Tenth Circuit law.

Because the plea agreement contains a waiver of the right to collaterally challenge Defendant's conviction, the Court must first determine its validity.  Normally, that process entails examination of the circumstances of the waiver and Defendant's plea. However, because ground three of Defendant's motion argues that ineffective assistance


of counsel vitiates the plea, the Court must first examine Defendant's counsel's performance and ensure the plea agreement and accompanying waiver arose following effective representation.

The Tenth Circuit has set forth the standard to measure Defendant's argument of ineffective assistance under the circumstances of this case:

> To prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance. In the context of a guilty plea, this requires defendant to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quotation omitted), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002). Further, defendant's "mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether [defendant] would have proceeded to trial." Id. (citation omitted). Specifically, while defendant is not required to prove a reasonable probability that, but for counsel's mistakes, he would have prevailed at trial, the assessment of whether he would have changed his plea depends in large part on a prediction of whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors. See id. at 1074-75.

United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002). Defendant offers no evidence or argument to meet his obligation. Indeed, the arguments raised by Defendant which purportedly show ineffective assistance offer little more than conclusory assertions. None of the alleged errors would have demonstrably altered the ability of Defendant to make an informed decision about pleading guilty. Defendant argues in his

Response brief that he would not have pleaded guilty had the alleged errors not occurred. However, as noted above this mere conclusory statement is insufficient. Given the overwhelming evidence against Defendant and the lack of merit in the alleged missteps of counsel, the Court cannot say that the outcome would have been different absent the alleged ineffectiveness. Therefore, the arguments raised in ground three do not impact the validity of the waiver and do not warrant relief.

Having found that the alleged ineffectiveness of counsel does not provide a basis for vacating the plea and thus ignoring the waiver contained in the plea agreement, the Court turns to the impact of the waiver on the remainder of Defendant's arguments. If the Court finds the waiver of appellate and collateral attack rights applicable and enforceable, Defendant's motion may survive only if enforcing the waiver would cause a miscarriage of justice. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir 2004).

In paragraph 7 of the Plea Agreement, Defendant agreed to give up any right to appeal or collaterally challenge his guilty plea . . . and any other aspect of his conviction . . . ." (Dkt. No. 37, p. 5.) Defendant's present challenge is within the scope of the waiver. See Hahn, 359 F.3d at 1325 ("The first prong of the analysis requires the court to determine if the disputed appeal falls within the scope of the appellate waiver."). The issues Defendant presses in his motion are the type of issues governed by the terms of the waiver.

Turning to the second Hahn prong, whether the waiver was knowing and voluntary, the Court finds this prong is likewise met, as Defendant's statements in the Petition to Enter Plea of Guilty and at the change of plea hearing provide ample evidence the plea was knowingly and voluntarily entered. Id. ("The second prong of the analysis requires the court to ascertain whether the defendant knowingly and voluntarily waived his appellate rights."). Under questioning by the Court, Defendant testified that he understood the terms of the agreement, that he understood the questions asked, and gave truthful answers to those questions. Further, the Court specifically pointed out to Defendant that he was giving up his right to appeal or collaterally challenge the conviction. Defendant expressed his understanding and agreement with those terms.

Finally, the third prong of Hahn considers whether enforcing the waiver will result in a miscarriage of justice. Id. at 1327. As noted above, Defendant cannot show that he entered into the plea agreement blindly or agree to the waiver blindly. Rather, the evidence demonstrating that Defendant willingly and knowingly entered into the plea agreement and accompanying waiver is formidable. Accordingly, the Court finds that enforcement of the waiver will not result in a miscarriage of justice.

Although Defendant requested an evidentiary hearing, the Court finds one unnecessary because resolution of his arguments is possible on the existing record. See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (citing United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996)).

## CONCLUSION

As set forth more fully herein, Defendant's claims are barred by the terms of the waiver included in the Plea Agreement. Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 52), is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 6th day of February, 2012.

ROBIN J. CAUTHRON
United States District Judge